3:24-mj-00035

DISTRICT OF OREGON, ss:                    AFFIDAVIT OF ALEXANDER SALISBURY

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Alexander Salisbury, being duly sworn, do hereby depose and state as follows:

**Introduction and Detective Background**

1. I am a Sherwood Police Department Detective and I am assigned as a Task Force Officer (TFO) to the Portland Drug Enforcement Administration (DEA) Portland Office Group D-51. Prior to my assignment as a TFO, I spent three (3) years as a Detective in the Sherwood Police Department Investigations Unit. I have received over 1,690 hours of training as documented by the Department of Public Safety Standards and Training (DPSST). I hold a Bachelor of Arts in History from George Fox University, an MBA from the University of Scranton, and a Graduate Certificate in Homeland Security from The Pennsylvania State University. I have received specialized training in the area of narcotics investigations including narcotics identification, surveillance techniques, handling and packaging of evidence, and testing of suspected controlled substances by scientifically accepted methods. This training has been provided to me by DPSST, the DEA, and in-service training through the Sherwood Police Department. Included in my training and experience, I have training specific to the identification and investigation of people involved in the use, sale, manufacturing and/or delivery of controlled substances including, but not limited to, methamphetamine, cocaine, marijuana, MDMA, heroin, fentanyl and other controlled substances.

2. I have had numerous conversations with individuals involved in the illegal distribution, possession, trafficking and manufacturing of controlled substances and have become familiar with their methods of operation. I am familiar with investigations of drug trafficking organizations (DTOs), including methods of importation and distribution of controlled

**Affidavit of TFO Alexander Salisbury**                                                                                         Page 1

substances. The information set forth below is based on information and/or on conversations I have had with other law enforcement officers.

3. I submit this affidavit in support of a criminal complaint and arrest warrant for **Alfonso Efrain Rivera-Canales** ("**Canales**") for violations of Title 21, United States Code, Sections 841(a)(1), and 846, Possession with Intent to Distribute Controlled Substances and Conspiracy to Distribute Controlled Substances.

4. This affidavit is intended only to show that there is sufficient probable cause for the requested arrest warrant and does not set forth all of my knowledge about this matter. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

## Applicable Law

5. Title 21, United States Code, Sections 841(a)(1) and 846, make it illegal to possess with intent to distribute a controlled substance, including more than 500 grams of a substance or mixture containing a detectable amount of methamphetamine, 400 grams of a substance or mixture containing a detectable amount of fentanyl, or to conspire to do so. Based on the facts from this investigation, these offenses carry a maximum sentence of up to life imprisonment, a fine of up to $10 million, and a five-year term of supervised release.

## Sources of Information

6. Cooperating Defendant (CD): CD was arrested by Oregon State Police in January 2024, for distribution of fentanyl. CD provided information for consideration in the CD's case.

CD's information was independently corroborated by investigators, and relied on only so far as it indicated the phone number investigators could call. All other interactions with **Canales** were conducted by undercover investigators. DEA is not currently aware of any prior convictions.

### Statement of Probable Cause

*Background of the Investigation*

7.      The Drug Enforcement Administration, Portland District Office Group D-51, in conjunction with Homeland Security Investigations (HSI), Tigard Police Department (TPD), Washington County Sheriff's Office, Oregon State Police (OSP), and Sherwood Police Department (hereinafter collectively "investigators") are investigating a drug trafficking organization (DTO) suspected of importing heroin, methamphetamine, cocaine, and fentanyl from Mexico into the United States for further distribution in Oregon and Washington.

8.      Throughout late January, 2024, investigators acting in an undercover capacity contacted the user of suspect phone 720-319-4231 (SP-4231), later identified as **Alfonso Efrain Rivera-Canales (Canales)** and arranged a fentanyl transaction on January 31, 2024.

*January 24, 2024, Source of Information Provides Investigators with SP-4231*

9.      On January 24, 2024, Oregon State Police arrested the CD for distribution of fentanyl in downtown Portland, Oregon. Following the CD's arrest, CD spoke with investigators in hopes of consideration on CD's pending case. CD provided investigators with the phone number for SP-4231 and stated that the user of SP-4231 was a Honduran male who would sell fentanyl in downtown Portland. CD stated that investigators could contact the user of SP-4231 to facilitate a fentanyl transaction without any introduction.

/ / /

/ / /

**Affidavit of TFO Alexander Salisbury**                                                                                                    **Page 3**

### *Investigators Surveil Canales*

10. On January 27, 2024, investigators contacted SP-4231 and attempted to facilitate a fentanyl transaction. The user of SP-4231, later identified as **Canales**, self-identified as "Daniel." **Canales** spoke with a heavy Spanish accent, and agreed to sell investigators fentanyl pills for three dollars a pill and ounces of fentanyl powder for $800 dollars an ounce. **Canales** directed investigators to meet in the area of SW Jefferson and SW 14th Ave. in Portland, Oregon. Investigators established surveillance in the area of SW Jefferson and SW 14th Ave. and continued to call and text **Canales** while negotiating the sale of fentanyl. At this time **Canales** re-directed investigators to the intersection of SW 16th Ave. and SW Salmon St. Investigators re-established surveillance in this area and saw two Hispanic males walking up and down the sidewalk of SW 16th Ave. Investigators asked **Canales** about a bulk order of fentanyl, at which time **Canales** asked investigators to hold on. At this time investigators heard **Canales** speak to a third party in Spanish. At the same time, Investigators observed one of the two Hispanic males take the phone down from his ear and begin speaking to the second Hispanic male on SW 16th Ave. At this time investigators canceled the transaction and terminated surveillance. Investigators continued to speak to **Canales** in an undercover capacity over SP-4231 over the next four days to organize a larger fentanyl transaction.

### *Investigators Meet Canales for the Sale of 7 Ounces of Fentanyl Powder*

11. On January 31, 2024, after several days of text messages to arrange a fentanyl transaction, investigators spoke with **Canales** over SP-4231 to arrange the sale of 7 ounces of fentanyl powder for $5,000. **Canales** instructed investigators to meet him at the intersection of SW 15th Ave. and SW Taylor St. in Portland, Oregon, an area known to investigators as a high

**Affidavit of TFO Alexander Salisbury**                                                                                                                   **Page 4**

drug trafficking area. Investigators established surveillance in the area and then called **Canales** at SP-4231.

12. Investigators and **Canales** coordinated and agreed to meet at the intersection of SW 15th Ave. and SW Salmon St. Two investigators acting in an undercover (UC) capacity and in plain clothes positioned themselves at the intersection. A short time later, investigators saw three Hispanic males approach where the two UCs were standing waiting for **Canales**. Investigators observed the three Hispanic males get out of an SUV parked a block north at SW 15th Ave. and SW Taylor St. and begin walking south towards the agreed upon meeting location. The three men approached the UCs, with **Canales** in the lead. The UCs asked if **Canales** was "Daniel," and **Canales** said yes and shook one of the UC's hand. As **Canales** spoke with the UCs, the other two men, later identified as Efrain Mendez-Navarro and Eleazar Zuniga-Doblado stood with their hands in their pockets and continued to look around.

13. I know based on my training and experience that street level drug transaction are come with a high likelihood of robbery by customers, and it is common for drug distributors to work in groups to safe guard against this. I believe that Zuniga-Doblado and Mendez-Navarro were acting as "backup" to **Canales** in case of robbery.

14. **Canales** asked to see the money for the impending transaction. The UCs indicated that they wanted to "see the stuff," first, in reference to the narcotics. **Canales** again stated he needed to see the money first. At this time an investigator drove up behind **Canales** and the two other males and exited his vehicle wearing a vest displaying "POLICE" on the front and back. The UCs began to back up to separate themselves from the three men after one the UCs indicated that the investigator who had arrived was law enforcement. All three men began to run west away from 15th Ave. Investigators took all three men into custody without incident.

**Affidavit of TFO Alexander Salisbury**                                                                 **Page 5**

15.     Investigators preformed a search incident to arrest on all three men and found fentanyl powder and pills concealed all over their person in various locations. Investigators seized 143.4 gross grams of suspected fentanyl pills from **Canales's** person, 82.9 gross grams of suspected powdered fentanyl from Mendez-Navarro's person, and 110.1 gross grams of suspected fentanyl pills and 97.6 gross grams of suspected fentanyl powder from Zuniga-Doblado's person. Investigators called SP-4231 and saw that the phone that was on **Canales's** person received a call. Below are photographs of narcotics seized from the **Canales's** person as well as a presumptive positive field test for the presence of fentanyl from the fentanyl pills found on **Canales's** person:

 

*Post Arrest Interview of Canales, Mendez-Navarro, and Zuniga-Doblado*

16.     All three men were read their warnings per Miranda and all three agreed to talk to investigators at the Portland District Office. **Canales** told investigators he had been selling narcotics in the Portland metro area and discussed pricing. **Canales** stated that he had intended to verify that investigators had the money, and then call these three third parties to obtain the full seven ounces of fentanyl powder.

17.     Menedez-Navarro and Zuniga-Dobaldo both also admitted to selling narcotics in the Portland metro area and discussed pricing.

**Affidavit of TFO Alexander Salisbury**                                                                              **Page 6**

18. I know based on my training and experience that it is common for less experienced, and lower level narcotics dealers to work in conjunction with a higher-level dealer to learn common practices and acquire a customer base. I believe that Mendez-Navarro and Zuniga-Doblado were working with/under **Canales** at the time of their arrest and intended to assist him in the sale of seven ounces of fentanyl powder to investigators.

## Conclusion

19. Based on the investigation, the evidence and **Canales's** own admissions, I believe **Canales** was involved in trafficking distributable amounts of fentanyl in the Portland, Oregon area. Specifically, I believe that **Canales** was distributing or intended to distribute the full 434 gross grams of fentanyl seized from the persons of all three men on January 31, 2024. I therefore request that the court issue a criminal complaint and arrest warrant for **Canales.**

20. Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Bryan Chinwuba, and AUSA Chinwuba advised me that in his opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant

*/s/ By telephone pursuant to Fed. R. Crim. P. 4.1*
TFO Alexander Salisbury
DEA Portland Group D-51

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 2:52 pm on February 26, 2024.

_____
HONORABLE JEFFREY ARMISTEAD
United States Magistrate Judge